```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FREDERICK BOUNASISSI and STACEY BOUNASISSI, | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | Civil Action No. 15-7585 (JBS/JS) |
| v. | |
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE, Chief Judge:**

Before the Court is Plaintiff's Amended Motion for Temporary Restraining Order, Emergency Injunctive and Declaratory Relief and Order to Show Cause. [Docket Item 13.] Plaintiffs seek to stay an imminent eviction from their home scheduled for March 7, 2016, after defaulting on a mortgage purchased from Defendant. For the reasons that follow, Plaintiff's motions will be denied. The Court finds as follows:

1.  Plaintiffs Frederick and Stacey Bounasissi allege that they executed and delivered to Merrill Lynch Credit Corporation a $655,000 Note and a mortgage against real property in Laurel, New Jersey to Mortgage Electronic Registration Systems, Inc. on January 18, 2006. Defendant contends that it is now the owner and holder of Plaintiffs' Note and Mortgage. Defendant filed a

Complaint for Foreclosure against Plaintiffs in the Superior Court of New Jersey, Burlington County, Chancery Division on January 25, 2013, alleging that Plaintiffs defaulted on their obligations under the Note and Mortgage. Defendant obtained a Final Judgment for Foreclosure against Plaintiffs on May 7, 2014 and a Sheriff Sale was scheduled on July 3, 2014.

2. During the pendency of the underlying state foreclosure action, Plaintiffs allege that they applied for a loan modification, which request was denied in writing by a representative of Defendant on March 18, 2014. On July 14, 2014 – after Defendant obtained a foreclosure judgment on the property – another representative of Defendant agreed to "restart" the loan modification process. Plaintiffs and Defendant exchanged documentation for the renewed loan modification application through the fall of 2014.

3. Defendant sold the property at a foreclosure sale on December 4, 2014. Nonetheless, loan modification negotiations continued between Defendant's mortgage servicer and Plaintiffs through April, 2015. Plaintiffs submitted further documentation at the servicers' request until ultimately a representative of Defendant told Plaintiffs she could not help them "because they had been foreclosed on." Plaintiffs allege that this was the first time "a representative of Defendants had may [sic] mention of the sale taking place to the Plaintiffs." A new deed was

2

recorded on April 28, 2015, and on October 20, 2015, a writ of possession was sent to the Plaintiffs.

    4.  On October 20, 2015, Plaintiff filed a two-count Complaint [Docket Item 1] against Defendant alleging violations of the Real Estate Settlement Procedures Act ("RESPA") and RESPA's Regulation X. After Defendant filed a motion to dismiss [Docket Item 4], Plaintiffs filed a First Amended Complaint [Docket Item 6] as a matter of course (see Fed. R. Civ. P. 15(a)(1)) and a Motion for a Temporary Restraining Order to stay Plaintiffs' imminent eviction from their home. [Docket Item 8.] Plaintiffs' motion for emergency relief was denied without prejudice for failure to comply with numerous procedural prerequisites, including a failure to verify their complaint pursuant to L. Civ. R. 65.1(a), a failure to submit a brief pursuant to L. Civ. R. 7.1(d), and a failure to explain why this Court is the proper forum to hear their case rather than an appeal to the state court which issued the final judgment of foreclosure against them. [Docket Item 9.] Defendants renewed their motion to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted. [Docket Item 10.] Plaintiffs then filed a Second Amended Complaint [Docket Item 11] without seeking leave from the Court and without indicating Defendant's consent. (See Fed. R. Civ. P. 15(a)(2).) Plaintiffs contemporaneously filed this Amended Motion for

3

Temporary Restraining Order, Emergency Injunctive and Declaratory Relief and Order to Show Cause. [Docket Item 13.]

    5.   The Court notes that Plaintiffs' amended motion remains procedurally deficient. Plaintiffs have again failed to submit a brief or statement that no brief is necessary in accordance with L. Civ. R. 7.1(d).[1] Moreover, Plaintiffs' papers fail to explain why this Court must address, on an emergency basis, the legitimacy of Defendant's foreclosure action and sale when it occurred nearly two years ago and when Plaintiffs never allege that it was challenged by appeal to the state court that granted Defendant's foreclosure. Plaintiffs contend that this action is distinct from the underlying state foreclosure action because "[t]he defenses to the underlying Foreclosure action were, generally speaking to standing" and this suit alleges violations of RESPA arising after the allegedly improper sale,

---

[1] This is the second time in this case that Plaintiffs' counsel, Joshua Thomas, Esq., has failed to submit a brief in support of his motion for extraordinary relief, the requirement for which Mr. Thomas was previously explicitly advised in the listing of deficiencies in this Court's prior Letter Opinion. [Docket Item 9 at p. 1.] Counsel has ignored this advice. Plaintiffs' submission will not be construed as a brief because it fails to comply with L. Civ. R. 7.2(b), which requires, inter alia, a table of contents and a table of authorities, together with the party's legal arguments. The Local Civil Rules are not an invitation to parties to submit whatever papers they please; they are rules that exist for a reason, to assist the courts in the accurate and efficient adjudication of cases. Plaintiffs' counsel is hereby warned explicitly to follow all applicable procedural rules or his motions may be denied on that basis alone.

4

but Plaintiffs give no indication why these grounds could not have been raised in the state court. The federal courts do not have exclusive jurisdiction over RESPA, 12 U.S.C. § 2601 et seq.

6.  Furthermore, even addressing the merits of Plaintiffs' motion, Plaintiffs have not set forth grounds entitling them to emergency temporary or permanent relief. "The decision to grant or deny ... injunctive relief is an act of equitable discretion by the district court." eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).  Injunctive relief, however, remains "'an extraordinary remedy never awarded as of right.'" Groupe SEB USA, Inc. v. Euro-Pro Operating LLC, 774 F.3d 192, 197 (3d Cir. 2014) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008)). A party seeking a temporary or preliminary injunction must demonstrate: (1) a reasonable likelihood of success on the merits; (2) the prospect of irreparable harm in the absence of an injunction; (3) that this harm would exceed harm to the opposing party; and (4) that the public interest favors the issuance of injunctive relief.  See, e.g., Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006) (citations omitted).

7.  Although all four factors guide a court's inquiry, a court will not grant injunctive relief, "regardless of what the equities seem to require," unless the movant successfully demonstrates the first and second factors.  Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197 (3d Cir.1990) ("[W]e cannot

5

sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent."); see also Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000). Therefore, the "moving party's failure to show a likelihood of success on the merits" or irreparable harm "'must necessarily result in the denial of a preliminary injunction.'" Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012) (quoting In re Arthur Treacher's Franchise Litig., 689 F.2d 1137, 1143 (3d Cir. 1982)) (emphasis added); see also Morton v. Beyer, 822 F.2d 364, 371 (3d. Cir. 1987) ("[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction.").

    8.   Plaintiffs fail to present even a token discussion of their ultimate likelihood of success on the merits of their RESPA claims; Plaintiffs write only that they "have a clear legal right" to relief. From the papers submitted, the Court has no idea what that "clear legal right" is and how Defendant has violated it. Additionally, the Plaintiffs make no showing that they will suffer irreparable harm if an injunction does not issue, except insofar as contend that eviction from one's home necessarily constitutes irreparable harm; in the unlikely event that such eviction is overturned in a court of competent jurisdiction, Plaintiffs may be entitled to seek compensation in

6

money damages for this forced relocation. Because Plaintiffs have failed to demonstrate their likelihood of success and irreparable harm, the Court need not balance the equities nor address the public interest. See Hoxworth, 903 F.2d at 197 (generally providing that an injunction cannot issue absent a showing of both a likelihood of success on the merits and irreparable harm). The Court is constrained to note, however, that the equities do not favor emergency relief where Plaintiffs make no allegations that they ever paid their mortgage or explain why such payment was impossible, and where Plaintiffs have been under lawful judgment of foreclosure and to surrender possession for many months.

9. Accordingly, the Court will deny Plaintiff's motion for emergency relief.

10. An accompanying Order will be entered.


 **March 4, 2016**                               **s/ Jerome B. Simandle**
Date                                             JEROME B. SIMANDLE
                                                 Chief U.S. District Judge

7