```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FREDERICK BOUNASISSI and STACEY BOUNASISSI,<br><br>    Plaintiffs,<br><br>    v.<br><br>NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,<br><br>    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-7585 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

This case arises from a foreclosure action against Plaintiffs Frederick and Stacey Bounasissi in the Superior Court of New Jersey, Burlington County, Chancery Division. In this action, Plaintiffs assert that Defendant, New York Life Insurance and Annuity Corporation ("New York Life"), violated the Real Estate Settlement Procedures Act ("RESPA" or "the Act") and RESPA's Regulation X when it proceeded with a foreclosure sale on Plaintiffs' home, despite the fact that Plaintiffs were engaged in a loan modification process at the time. Before the Court is Defendant's motion to dismiss the Amended Complaint. [Docket Item 10.] For the reasons that follow, the Court will grant Defendant's motion and dismiss Plaintiffs' Amended Complaint with prejudice. The Court finds as follows:

1.     The following recitation of the facts of this case are taken from this Court's March 4, 2016 Memorandum Opinion on Plaintiffs' Motion for a Temporary Restraining Order. <u>Bounasissi v. New York Life Ins. And Annuity Corp.</u>, Case No. 15-7585, 2016 WL 852483 (D.N.J. March 4, 2016). Plaintiffs Frederick and Stacey Bounasissi allege that they executed and delivered to Merrill Lynch Credit Corporation a $655,000 Note and a mortgage against real property in Mount Laurel, New Jersey to Mortgage Electronic Registration Systems, Inc. on January 18, 2006. Defendant contends that it is now the owner and holder of Plaintiffs' Note and Mortgage. Defendant filed a Complaint for Foreclosure against Plaintiffs in the Superior Court of New Jersey, Burlington County, Chancery Division on January 25, 2013, alleging that Plaintiffs defaulted on their obligations under the Note and Mortgage. Defendant obtained a Final Judgment for Foreclosure against Plaintiffs on May 7, 2014 and a Sheriff Sale was scheduled on July 3, 2014.

2.     During the pendency of the underlying state foreclosure action, Plaintiffs allege that they applied for a loan modification, which request was denied in writing by a representative of Defendant on March 18, 2014. On July 14, 2014 -- after Defendant obtained a foreclosure judgment on the property -- another representative of Defendant agreed to "restart" the loan modification process. Plaintiffs and

Defendant exchanged documentation for the renewed loan modification application through the fall of 2014.

    3.    Defendant sold the property at a foreclosure sale on December 4, 2014. Nonetheless, loan modification negotiations continued between Defendant's mortgage servicer and Plaintiffs through April, 2015. Plaintiffs submitted further documentation at the servicers' request until ultimately a representative of Defendant told Plaintiffs she could not help them "because they had been foreclosed on." Plaintiffs allege that this was the first time "a representative of Defendants had may [sic] mention of the sale taking place to the Plaintiffs." A new deed was recorded on April 28, 2015, and on October 20, 2015, a writ of possession was sent to the Plaintiffs.

    4.    On October 20, 2015, Plaintiffs filed a two-count Complaint [Docket Item 1] against Defendant alleging violations of the Real Estate Settlement Procedures Act ("RESPA") and RESPA's Regulation X. After Defendant filed a motion to dismiss [Docket Item 4], Plaintiffs filed a three-count First Amended Complaint [Docket Item 6] as a matter of course (see Fed. R. Civ. P. 15(a)(1)) and a Motion for a Temporary Restraining Order to stay Plaintiffs' imminent eviction from their home. [Docket Item 8.] Plaintiffs' motion for emergency relief was denied without prejudice for failure to comply with numerous procedural prerequisites, including a failure to verify their complaint

pursuant to L. Civ. R. 65.1(a), a failure to submit a brief pursuant to L. Civ. R. 7.1(d), and a failure to explain why this Court is the proper forum to hear their case rather than an appeal to the state court which issued the final judgment of foreclosure against them. [Docket Item 9.] Defendants renewed their motion to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted. [Docket Item 10.] Plaintiffs then filed a Second Amended Complaint [Docket Item 11] without seeking leave from the Court and without indicating Defendant's consent and it will be disregarded. (See Fed. R. Civ. P. 15(a)(1) & (2).)[1] Plaintiffs contemporaneously filed an Amended Motion for Temporary Restraining Order, Emergency Injunctive and Declaratory Relief and Order to Show Cause, [Docket Item 13], which was denied again on March 4, 2016, for failing to set forth grounds entitling Plaintiffs to

---

[1] The Court will strike Plaintiffs' Second Amended Complaint because Plaintiffs filed the amendment without leave of Court, as required by Fed. R. Civ. P. 15(a)(2), and will treat Defendant's motion to dismiss as unopposed. The rules permitted Plaintiffs to make only one amendment to their complaint as a matter of course, pursuant to Fed. R. Civ. P. 15(a)(1), which Plaintiffs did previously, as noted above, in response to Defendant's first motion to dismiss by filing the First Amended Complaint, which became the operative pleading. To substitute a Second Amended Complaint requires consent of the adversary or leave of court, neither of which Plaintiff obtained. The filing of an unauthorized amendment in the face of a motion to dismiss does not relieve a party from the obligation to submit opposition to the dismissal motion.

4

emergency temporary or permanent relief. [Docket Items 14 & 15.][2] The Court will now decide Defendant's motion to dismiss the Amended Complaint [Docket Item 10] without holding oral argument pursuant to Fed. R. Civ. P. 78.

5.  Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

6.  A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that

---

[2] The Court explicitly brought Plaintiffs' pleading deficiency to the parties' attention in the March 4, 2016 Memorandum Opinion [Docket Item 14 at 2], yet Plaintiffs' counsel, Joshua Thomas, Esq., failed to even attempt to cure the deficiency. This is the third time Mr. Thomas has ignored his basic obligations under the Federal Rules of Civil Procedure in this case. (Id. at 4, n. 1.)

5

the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Id. A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

7. Defendant contends that Plaintiffs' Amended Complaint must be dismissed for failure to state a claim for three reasons: because Plaintiffs have failed to state a claim under RESPA and Regulation X because 12 C.F.R. § 1024.41 is inapplicable to Defendant; because Plaintiffs have not alleged actual damages; and because Plaintiffs have not stated a claim for unjust enrichment. The Court will address each point in turn.

8. Counts One and Two of the Amended Complaint allege violations of RESPA for failing to properly review Plaintiffs' loan modification submissions and for proceeding with a foreclosure sale while a loan modification was pending. RESPA, 12 U.S.C. § 2601, et seq., is an Act of Congress intended to protect borrowers from abusive loan servicing by, inter alia,

6

proscribing certain aspects of the real estate settlement process. Regulation X, 12 C.F.R. § 1024.41, sets the process by which a borrower and lender may modify a mortgage and avoid a foreclosure sale without requiring the lender to provide any specific loss mitigation option. Relevant to this case, according to Plaintiffs, is § 1024.41(g) of Regulation X, which states that a servicer must not move forward with a foreclosure sale where "a plaintiff submits a complete loss mitigation application . . . more than 37 days before a foreclosure sale" unless the servicer has notified the borrower that he is not eligible for any loss mitigation option, the borrower rejects all loss mitigation options offered by the servicer, or the borrower fails to perform under a loss mitigation agreement. Section 1024.41(i) further provides that a "servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account."

    9.   By its own terms, Regulation X applies only to a loan servicer, or "a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan)." 12 C.F.R. § 1024.2. "Servicing means receiving any scheduled periodic payments from a borrower pursuant to the terms of any federally related mortgage loan . . . and making the payments to

7

the owner of the loan or other third parties of principal and interest and such other payments with respect to the amounts received from the borrower as may be required . . . ." Id. Plaintiffs allege in the Amended Complaint that Defendant is "the owner and holder of the Note and Mortgage" and that another company, PHH Mortgage, was Defendant's loan servicer. (Am. Compl. ¶¶ 10 & 26.) Accordingly, Plaintiffs cannot maintain Counts One and Two of the Amended Complaint against this Defendant, and these counts will be dismissed.[3]

    10.  Count Three of the Amended Complaint alleges that Defendant has been unjustly enriched at Plaintiffs' expense because Defendant "gained possession of Plaintiffs' house through a Sheriff Sale that took place." (Am. Compl. ¶ 4.) Defendant argues that this claim must be dismissed because Plaintiffs cannot maintain an unjust enrichment claim against Defendant as a matter of law, because the parties' relationship is governed by an express contract. The Court agrees.

---

[3] Because Regulation X is inapplicable to Defendant as the owner and holder of Plaintiffs' mortgage, and not as their loan servicer, the Court will not address Defendant's alternative arguments regarding Counts One and Two of the Complaint: that Regulation X is inapplicable because Plaintiffs had submitted at least two loss mitigation applications before their July 2014 application which was allegedly never reviewed by Defendant; that Regulation X is inapplicable because Plaintiffs did not submit their loss mitigation application until 10 days before the foreclosure sale; and that Plaintiffs have not alleged actual damages.

11. To state a claim for unjust enrichment, a plaintiff must allege "(1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of that benefit by the defendant is inequitable." Wanaque Borough Sewerage Auth. v. Twp. of West Milford, 677 A.2d 747, 753 (N.J. 1996). "A party cannot satisfy this second prong, however, unless it can establish that the 'failure of remuneration enriched defendant beyond its contractual rights.'" Hassler v. Sovereign Bank, 644 F. Supp. 2d 509, 519 (D.N.J. 2009) (citing VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994)). "As this requirement makes clear, the 'enrichment of one party at the expense of the other is not unjust where it is permissible under the terms of an express contract.'" Id. (citing Dovale v. Marketsource, Inc., No. 05-2872, 2006 WL 2385099, at *8 (D.N.J. Aug. 17, 2006)). The existence of a valid Note and Mortgage, setting forth the rights and obligations of each party, thus prevents Plaintiffs' unjust enrichment claim in this case. The conduct underlying Plaintiffs' allegations was "permissible under the terms of [the] express contract," Hassler, 644 F. Supp. 2d at 519-20: in case of the borrowers' default on their obligations under the contract, the Mortgage expressly allows the lender to "require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding."

9

(See Mortgage [Tomlin Dec. Ex. 2, Docket Item 10-4] at ¶ 22.) Accordingly, Count Three will be dismissed.

12. The dismissal of the Amended Complaint in its entirety will operate with prejudice. A court may deny leave to amend a complaint where it is apparent that "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." U.S. ex rel. Schumann v. Astrazeneca Pharma. L.P., 769 F.3d 837, 849 (3d Cir. 2014). In this case, because Plaintiffs' claims are legally insufficient, and not merely factually insufficient, any amendment would be futile.

13. The accompanying Order will be entered granting Defendant's motion and dismissing this case.

 **September 6, 2016**          **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                             Chief U.S. District Judge